## VAN CISE v. PRATT.

Defendant could not on appeal complain of the court's compelling him to submit to a decree without being allowed to offer any evidence in his behalf, where the record disclosed no offer of evidence on his part or exception to any ruling of the trial court relating to the introduction or rejection of evidence.

On appeal in a partition action defendant could not complain where, though the complaint and amended reply did not follow the forms usually employed in partition actions, they contained all the allegations essential to such an action, and the relief granted did not differ substantially from that demanded by plaintiff.

In an action for partition of land wherein plaintiff held a certain interest individually and also an interest for one of defendants in trust to secure an indebtedness to a third party, such defendant could not complain of a decree ordering a sale and giving plaintiff priority in distribution of the proceeds, instead of applying them pro rata among the owners of the property, where defendant's rights to his share were properly protected.

(Opinion filed, October, 4, 1910.)

Appeal from Circuit Court, Lawrence County. Hon. William G. Rice, Judge.

Action by Edwin Van Cise against William M. Pratt and another. From the judgment said Pratt appeals. Affirmed.

*Martin & Mason,* for appellant. *Edwin Van Cise (Charles E. De Land, of counsel),* for respondent.

HANEY, J. Reference to the original record in this case is rendered necessary by reason of conflicting abstracts. So far as

material to the questions discussed, the contents of such record are as follows: A complaint wherein it is alleged in substance that the plaintiff holds legal title to certain described lots in the city of Deadwood, one-eighth for himself, one-eighth in trust for defendant Wilson and six-eighths in trust for defendant Pratt and as security for an indebtedness owing from defendant Pratt to the plaintiff's niece; that such indebtedness is long past due; that defendant Pratt, though often requested, has neglected to pay the same; that the plaintiff desires to close out his trust, sell the property and properly apply the proceeds; that defendant Wilson is willing that this be done; that plaintiff has been unable to secure the assent of defendant Pratt to such sale; and wherein the plaintiff demands a decree directing either a public or private sale of the property on such notice and terms as may be deemed proper and such other and further relief as may be just and equitable. A separate answer wherein it is admitted by the defendant Pratt that the plaintiff holds the legal title to the premises described in the complaint, an undivided one-eighth interest therein for himself, an undivided one-eighth interest therein in trust for defendant Wilson, and an undivided six-eighths interest in trust for the answering defendant; wherein defendant Wilson's willingness to have the property sold and every allegation of the complaint not expressly admitted is denied; wherein it is alleged as a separate defense, in substance, that the plaintiff, defendant Wilson, and defendant Pratt are the owners of the described premises, defendant Pratt being the owner of an undivided six-eighths interest held by the plaintiff in trust for him, defendant Wilson being the owner of an undivided one-eighth interest held by the plaintiff in trust for him, and the plaintiff being the owner of an undivided one-eighth interest; that the plaintiff for many years has been in possession and charge of the premises, receiving the rents and profits thereof, in an amount unknown to the answering defendant, but believed to exceed $2,500, six-eighths of which belongs to such defendant; that such rents and profits are retained by the plaintiff, who refuses to pay over the same; that such premises can be fairly and equitably divided between the owners thereof; that defendant Wilson and the answering defendant have agreed upon

a fair and equitable division and partition thereof, subject to plaintiff's approval, but that the plaintiff, after authorizing such partition, now refuses to consent thereto; that there are no liens or incumbrances upon the premises appearing of record; and that no person other than the plaintiff, defendant Wilson, and the answering defendant are interested in the same; and wherein it is demanded that a partition of the property be decreed or, if a partition cannot be had without material injury to the rights of those concerned, that a sale be ordered and the proceeds applied according to the alleged interests of the respective parties; that the plaintiff be required to account for rents and profits; and that such other and further relief be granted as may be deemed just and equitable. A stipulation substituting Mary E. Wilson, executrix of the estate of defendant Wilson, deceased, as party defendant. A second stipulation substituting John H. Burns, administrator of the estate of defendant Wilson, deceased, as party defendant, for and in place of Mary E. Wilson, executrix, also deceased. A decree dated March 7, 1907, which reads as follows: "Now at this time the foregoing action comes on to be heard, pursuant to consent of all parties thereto, the plaintiff appearing by John R. Russell, his attorney, the defendant, Mary E. Wilson, as executrix of the last will and testament of John R. Wilson, deceased, by John H. Burns, her attorney, and defendant William M. Pratt, by J. W. Fowler, his attorney, and all parties agreeing in open court that plaintiff holds the title to the property described in the complaint as follows, to-wit: One-eighth interest in fee for himself, one-eighth interest in trust for the late John R. Wilson, deceased, but as security for indebtedness due and owing from him to the plaintiff, and the remaining three-fourths interest in trust for defendant William M. Pratt, but as security for money due and owing from said Pratt to one Grace Roberts, a niece of plaintiff; and further that plaintiff is entitled to have said property sold and the proceeds derived therefrom applied in fulfillment and discharge of his trust; now, therefore, by consent of all parties to this action, it is considered, ordered, adjudged and decreed that the plaintiff may proceed to make sale of said property described as lots  *  *  *  at private sale, for cash or half cash

and balance on time, as in plaintiff's judgment may seem to the best advantage, after a notice published in the Deadwood Pioneer Times for at least thirty days. The notice shall provide that bids be left open at the office of either John R. Russell, John H. Burns, or James W. Fowler, within the thirty days or during ten days thereafter. It is further ordered that any bids received be promptly communicated by either of said persons to the others, to the end that the best possible price may be obtained; that after all obtainable bids be received at the expiration of said ten days following the advertisement, either of the parties to this action may be a bidder, and the property may be sold either in bulk or in separate lots or groups of lots as may produce the best price, and upon conclusion thereof, that due report be made to this court for its action thereon, and award of the proceeds of the sale, and direction as to deed by the trustee, or in case of purchase by him for such further order or decree vesting the title in him as to the court may seem meet and proper; the sale so to be consummated by deed or by decree to be absolute and not subject to redemption. It is further ordered that inasmuch as the plaintiff foregoes any charge for his services as trustee, the costs of this action and of the sale ordered by this decree, shall be taxed against the defendant Pratt, and deducted from any apportionment that may be made to him to be credited upon his indebtedness aforesaid. It is further ordered that the sale authorized hereby to be made by plaintiff, be advertised and made without a certified copy of this order as his authority, but by mere reference thereto in his advertisement; that he make report to this court with due diligence after sale, and this cause stand continued until such report for final decree herein." A report of sale signed and verified by the plaintiff, wherein it is stated that notice of the sale was published as shown by proof of publication attached, that no bids were received by either party in interest, and wherein the plaintiff on his own behalf offers to purchase the property for $1,500, expressly agreeing to distribute the proceeds as directed by the decree. An order dated July 22, 1907, which is as follows: "This case coming on to be heard before the court on the report of the plaintiff, under the decree of March 7, 1907, submitting his advertisement of

notice and reciting efforts to sell the property described in accord·ance with said decree, and that no bids had been received, but that he would offer upon his own behalf the sum of $1,500 for the whole of the property described, and asking that this bid might be accepted and the title to the property be quieted and confirmed in him; the plaintiff now appearing in person, the administrator, John H. Burns, appearing in person, and Norman T. Mason, Esq., of Martin & Mason, appearing on behalf of defendant William M. Pratt, in opposition to the report and application of the plaintiff, urging as the grounds of such opposition that plaintiff as a trustee could not become the purchaser, and that the decree was erroneous in directing a sale without right of redemption in Pratt; and after hearing the argument of counsel, and being fully advised in the premises, it is ordered that the bid and offer of plaintiff be not accepted, but without any prejudice to him; and the court being satisfied it was error to order a sale without redemption, but plaintiff calling the court's attention to the fact that defendant Pratt in his answer asks for partition, and that if it cannot be had, then for a sale of the premises; now, therefore, it is further ordered that the decree of this court of date March 7, 1907, be and the same is hereby vacated and set aside at the cost of the defendant Pratt, to-wit, $13.30 taxed in said decree, $5 for publishing notice of sale, and the costs of the clerk for filing plaintiff's report and filing and entering this order, said costs to be paid in thirty days from this date. Also, that plaintiff may have thirty days from this date in which to file and serve an amended reply to the answer of the defendant Pratt, and that this case be set down for trial on the merits on the 2d day of the September, 1907, term of this court." An amended reply wherein it is denied that the defendant Pratt owns an undivided six-eighths interest in the property; wherein it is denied the property can be fairly and equitably partitioned; and wherein it is alleged that title to the same came to the plaintiff from a third party with entire power of control and disposition; that the same has at all times been held in trust and as security as alleged in the complaint; and that plaintiff has duly accounted for the rents and profits. And the following judgment from which defendant Pratt appealed: "This

action having come on before the court on July 1, 1907, on the application to confirm a sale made under decree entered herein by consent on March 7, 1907, and Messrs. Martin & Mason then appearing as attorneys for defendant Pratt, to protest against such confirmation, and also against the decree aforesaid, and the other parties, Edwin Van Cise and John H. Burns as administrator, etc., appearing in person, and the court after hearing argument and due consideration, having at that time declined to confirm the sale and directed that the decree theretofore entered be vacated and set aside, at the costs of the defendant Pratt, to-wit: $13.30 taxed in said decree and $5 for publishing notice of sale, and the costs of the clerk for filing plaintiff's report and filing and entering the vacating order, said costs to be paid in thirty days from that date, to-wit, in thirty days from the 22d day of July, 1907, when the order was signed and entered by the court, of which order said Pratt's attorneys had due notice at that time; and the court having further directed that plaintiff have thirty days in which to serve and file an amended reply to the answer of said defendant Pratt, and that this cause be set down for trial on the merits on the 2d day of the September, 1907, term of this court; and it now appearing to this court, all parties again appearing as before, that said defendant Pratt has failed and neglected to pay the costs aforesaid, or any part thereof, within the time fixed by this court, and that he still fails and neglects so to do, and that plaintiff has served and filed his amended reply, and the plaintiff asking that said Pratt be declared in contempt of this court and be precluded from further contending herein because of his said contempt, and that this cause be now heard upon the complaint, answer, amended reply, and stipulations on file herein, and evidence to be offered on behalf of the plaintiff, it is so ordered by the court, and this cause now coming on to be heard before the court upon the complaint, answer, amended reply, and stipulations on file and evidence introduced on behalf of plaintiff, and the court having heard the same and being fuly satisfied in the premises, finds that the legal title to the real property described in the complaint * * * is in the plaintiff Edwin Van Cise, one-eighth for himself personally, one-eighth in trust for

the estate of John R. Wilson, deceased, but as security for indebtedness due him from said deceased and his estate, and the remaining six-eighths in trust for defendant, William M. Pratt, but as security for an indebtedness due and owing from said Pratt to one Grace Roberts, a niece of the plaintiff; that said real property is so situated that partition thereof cannot be made without great prejudice to the owners and all parties in interest, and while the lots may be offered separately, yet that a sale thereof in bulk and as a whole is for the best interest of all concerned, but that this should be had without prejudice to plaintiff's rights and liens upon said real property; now therefore, upon motion of plaintiff—John H. Burns, as administrator with the will annexed of the estate of John R. Wilson, deceased, assenting to said motion—it is ordered, considered, adjudged, and decreed, that the real property hereinbefore described be sold by John R. Jones, hereby appointed as single referee for such purpose, at the courthouse door, at public auction to the highest bidder, upon notice published in the manner required for the sale of real property on execution; that the terms of such sale be cash, but subject to the trust and lien of the plaintiff as aforesaid; that any stranger or either of the parties to this action may bid at the sale, but if any one other than plaintiff become the purchaser he shall pay the amount of his bid in cash; that if plaintiff become the purchaser he need not pay any cash, except the costs incurred; that due report of sale and all his proceedings be promptly made to this court by said referee. That the costs of this decree and also of the sale as well as the costs hereinbefore referred to, be taxed against defendant William M. Pratt, and that on the coming in of said report, application of the proceeds or, in case of sale to plaintiff, of his credit or advances be made as follows: First, to the costs of the action; second, costs of referee and sale; third, one-eighth of the purchase price to plaintiff personally; fourth, one-eighth of the purchase price to indebtedness due from the Wilson estate to plaintiff; fifth, six-eighths of the purchase price, less costs of this action, costs of referee and sale, and costs taxed in the order of July 22, 1907, to indebtedness due from defendant Pratt to Grace Roberts, such balance to be held by the plaintiff

and accounted for and credited in the action now pending in this court, wherein said Grace Roberts is plaintiff and William M. Pratt is defendant; and that upon approval of said referee's report by this court, that he make conveyance to the purchaser as shall be then directed by this court. It is further ordered, considered, and adjudged that plaintiff have and recover of and from the defendant, William M. Pratt, the costs of this action taxed at $26.75." The original record contains no bill of exceptions or statement of the case.

Appellant contends the court erred: "(1) In compelling the defendant to submit to a decree without being allowed to offer any evidence in his behalf. (2) In entering judgment before and without giving in writing and filing with the clerk a written decision or findings of fact and conclusions of law. (3) In entering a decree in partition, for the reason that such decree does not follow the plaintiff's complaint or his amended reply herein and is not based upon their allegations. (4) In entering a decree in partition instead of a decree declaring plaintiff's alleged trust and enforcing his alleged lien thereon by way of foreclosure thereof. (5) In entering a decree in partition, thus cutting off defendant Pratt's right of redemption from the alleged lien in plaintiff's favor. (6) In entering the judgment of February 4, 1908, herein, for that said judgment is not sustained by any finding of fact or conclusion of law made or filed herein, nor is the same sustained by the recitals and statements of fact contained in said judgment. (7) In giving plaintiff priority in distribution of the proceeds of the partition sale instead of applying said proceeds pro rata among the owners of the property."

Appellant is not in position to urge his first objection. The record discloses no offer of evidence on his part or exception to any ruling of the trial court relating to the introduction or rejection of evidence. His second objection is untenable because the judgment appealed from contains findings on all the material issues of fact raised by the pleadings. The third objection is not tenable. Though the complaint and amended reply may not follow the forms usually employed in partition actions, they contain all the allegations essential to such an action, and the relief granted

did not differ substantially from that demanded by the plaintiff. Furthermore, the action was one in equity to enforce a trust and the relief granted clearly did not exceed the authority of the circuit court in an action of that nature. For reasons heretofore stated and because the appellant in his separate answer demanded partition of the property, his fourth and fifth objections are clearly untenable. The sixth objection cannot be sustained for the reason, as heretofore stated, the judgment itself contains findings upon every material issue of fact presented by the pleadings, and the court's disposition of the property is entirely consistent with the recitals of the judgment. Nor should the seventh objection be sustained. Appellant is not concerned in the disposition of the proceeds of the property ordered to be sold except as to the share of which he is the equitable owner, subject to the indebtedness owing to plaintiff's niece, and as to such share his rights are properly protected by the judgment. Finally, it should be observed that the only substantial controversy involved in this action is whether appellant's share of the property is held in trust to secure an indebtedness due to the plaintiff's niece, as both plaintiff and defendant Pratt prayed in their pleadings for a sale of the property if in the judgment of the court partition thereof should be deemed impracticable. And as the amount of appellant's indebtedness is not determined by the judgment appealed from, it is difficult to discover any just cause for complaint on his part.

The judgment of the circuit court is affirmed.